J-S65032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KIM A. ZAFFINO | |
| Appellant | No. 3261 EDA 2014 |

Appeal from the Judgment of Sentence October 23, 2014
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003231-2014

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 10, 2015**

Appellant Kim Zaffino appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas following her jury trial conviction for attempted theft by deception,[1] and insurance fraud.[2]  After careful review, we affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On August 27, 2010, the Appellant signed an agreement to lease her property at 721 Country Club Lane in Warrington, Pennsylvania to Scott and Jennifer Beverly.  At trial, Jennifer Beverly testified that she saw an ad listing the Appellant's 721 Country Club Lane property for rent on Craigslist and contacted

---

[1] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3922(a)(1).

[2] 18 Pa.C.S. § 4117(a)(2).

the Appellant. The family moved into the house in October of 2010, and they were evicted in late March or early April of 2011 for failure to make rent payments.[3] A constable was present on the day the Beverlys moved out to ensure smooth transition. Ms. Beverly said that aside from a cracked toilet tank, the house was in the same condition as when the family moved in. Scott Beverly stated that the family did not damage the house in any way but that they left some trash in the garage.

On March 19, 2011, the Appellant emailed Allstate agent Ralph Heffley, stating that: "I need to make changes to my Home Owners Policy – effective immediately. My policy number is 9 08 543551 03/31. I have moved out of the property and would like to insure it for tenants and against any potential damages they may cause." Mr. Heffley advised the Appellant that she did not qualify for a landlord policy.

On April 19, 2011, the Appellant reported a claim under her homeowner's policy to Allstate for damage to her 721 Country Club Lane property. Mr. Heffley explained to the Appellant that the damage might not be covered because she did not have the correct policy in place.

On May 13, 2011, Allstate Senior Claims Analyst Terri Hemler and Allstate Property Adjuster Alan Duddy conducted a recorded telephone statement with the Appellant regarding her claim. During the interview, the Appellant stated that she had hired Scott Beverly to perform work at her house and that he and his family damaged the property while staying there without permission. The Appellant stated that "I had no idea that he had moved into the property . . . I indicated to him that he was not to stay there. He was not to live there, that was my residence and not his . . . As far as I know, nobody was actually living there." Additionally, the Appellant stated that "[t]here was no agreement for them to stay at all. I told them that they couldn't maintain that as a residence. It was my residence."

The Appellant also noted that "[w]hen I found out that they were there, I told them that they could not stay. That if

_____

[3] On January 13, 2011, and March 11, 2011, Appellant filed Landlord/Tenant complaints against the Beverlys for outstanding rent on the 721 Country Club Lane property. Appellant won judgments on those complaints.

they were working late hours, they needed to make arrangements to leave but that they could not sleep overnight in that property." Furthermore, the Appellant said that "[t]here was no lease. There was no rent. There was no payment of rent. There was no expectation of payment of rent because they were not to stay there. That wasn't a residence for them."

Based on the inconsistent statements regarding the Appellant's arrangement with the Beverlys, Allstate referred the claim to Special Agent Mark Sabo with the Attorney General's office for further investigation. Based on Agent Sabo's investigation, the Attorney General's office brought charges against the Appellant on January 28, 2014.

Trial Court Pa.R.A.P. 1925(a) Opinion, March 17, 2015 ("1925(a) Opinion"), pp. 1-3 (record citations omitted).

On October 23, 2014, following a three-day trial, a jury convicted Appellant of attempted theft by deception and insurance fraud. On October 23, 2014, the trial court sentenced Appellant to one year of probation on each conviction, for an aggregate sentence of two years' probation. Appellant filed a timely notice of appeal on November 17, 2014.[4]

Appellant raises the following issue for our review:

1. Was the evidence insufficient as a matter of law to support [Appellant's] convictions for attempted theft by deception and insurance fraud, where the Commonwealth failed to establish that [Appellant] acted with the requisite intent, and where the Commonwealth failed to prove the element of materiality?

Appellant's Brief, p. 4.

_____

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant claims that the Commonwealth adduced insufficient evidence to support her convictions. *See* Appellant's Brief, pp. 10-17. Specifically, Appellant claims the evidence presented did not prove beyond a reasonable doubt the element of intent. *See id.* This claim lacks merit.

When examining a challenge to the sufficiency of evidence, this Court's standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa.Super.2014).

**1. *Attempted Theft By Deception*.**

Under the Pennsylvania Crimes Code, "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18

- 4 -

Pa.C.S. § 901(a). The Crimes Code defines theft by deception, in relevant part, as follows:

> **(a) Offense defined**.--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
>
> > (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]

18 Pa.C.S. § 3922(a)(1).

Further, we note that "intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Franklin*, 69 A.3d 719, 723 (Pa.Super.2013).

The trial court analyzed Appellant's sufficiency claim as it pertains to her attempted theft by deception conviction as follows:

> [T]he Appellant intentionally took a substantial step towards obtaining the property of another by deception because she filed a claim under her homeowner's policy with Allstate, knowing that she was not entitled to receive money for this claim. Additionally, ample evidence was presented to establish that the Appellant attempted to obtain money by deception because, during her recorded statement with Allstate agents, she denied giving the Beverlys permission to live at her property despite the fact that she signed a lease with Scott and Jennifer Beverly. Furthermore, the Attorney General presented evidence that the Appellant knew these statements were false because she and the Beverlys signed a residential lease agreement for her property at 721 Country Club Lane on August 27, 2010.

- 5 -

1925(a) Opinion, p. 6 (record citations omitted). After discussing Appellant's unsuccessful attempts to change her homeowner's policy into a landlord policy discussed *supra*, the trial court further stated:

> The Appellant's inquiries regarding the landlord policy, and Mr. Heffley's responses, demonstrate that she was aware that her homeowner's policy would not cover losses from tenants and that she would need a landlord policy to cover potential damages from tenants. Thus, the evidence established that the Appellant knew that the existence of a lease was critical to whether or not she could collect under her homeowner's policy and that telling Allstate agents that she was not renting out the property would entitle her to money for her losses under her homeowner's policy.

*Id.* at 7. Finally, the trial court concluded:

> The lease, the recorded statement, the admissions of Appellant, and the testimony of Allstate agents provided more than sufficient evidence to support the Appellant's conviction for [a]ttempted [t]heft by [d]eception.

*Id.*

We agree with the trial court that this evidence, viewed in the light most favorable to the Commonwealth as verdict winner, sufficiently enabled the jury to find every element of attempted theft by deception beyond a reasonable doubt.

**2. *Insurance Fraud*.**

Under the Crimes Code, an individual commits the crime of insurance fraud if the individual:

> Knowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a

claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim

18 Pa.C.S. § 4117(a)(2).

The trial court addressed the sufficiency of the Commonwealth's evidence as to this conviction as follows:

> [T]he conviction for insurance fraud is supported by evidence that the Appellant made false statements to Allstate agents regarding the Beverlys' status as tenant at her property, and that she did so knowingly and with the intent to defraud Allstate. . . . [T]he evidence showed that the Appellant made false statements to Allstate during the recorded statement because the Appellant insisted to Ms. Hemler and Mr. Duddy that the Beverlys were not leasing her property and that she specifically told them on multiple occasions that they were not to stay there. Furthermore, during conversation with Mr. Heffley, the Appellant was advised that she needed renter's insurance and that she was denied it.

1925(a) Opinion, pp. 7-8.

Again, we agree with the trial court that the Commonwealth presented sufficient evidence for the jury to find every element of insurance fraud beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015

- 7 -