J-S63040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
    :         PENNSYLVANIA
             Appellee     :
    :
             v.     :
    :
DAMIAN JAMES ESCOBAR,     :
    :
             Appellant     :     No. 1022 EDA 2015

Appeal from the Judgment of Sentence entered on March 16, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0007172-2014

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED NOVEMBER 12, 2015**

Damian James Escobar ("Escobar") appeals from the judgment of sentence imposed following his convictions of simple assault and the summary offense of harassment.[1] We affirm.

At approximately 10:30 p.m. on Friday, March 7, 2014, Tiffany Escobar ("the Victim") and Escobar met for drinks after work.[2] Both parties had a few drinks, and the Victim suggested that, rather than drive, they take a cab home. Escobar became irritated by the suggestion; as a result, the Victim called her brother to pick her up. The Victim's brother arrived, and

---

[1] *See* 18 Pa.C.S.A. §§ 2701, 2709(a)(1).

[2] Escobar and the Victim were married at the time of the incident. However, at the time of trial, Escobar had served the Victim with a Complaint in Divorce.

after a stop at his apartment, he took the Victim to the apartment that she and Escobar shared.

At about 4:30 a.m., Escobar entered their shared apartment and began screaming at the Victim, who was sleeping on the couch. She stood up and tried to get away from Escobar, but he blocked her exit, slapped her across the face, and tried to grab her hair. The Victim ran from the apartment and called the police from her cell phone. Police officers arrived, and the Victim stated she did not wish to press charges. Nevertheless, the police drove Escobar to the Raven Motel.

Once in the police vehicle, Escobar began sending text messages to the Victim, berating her for notifying the police and calling her a "bitch." The Victim notified the police and asked them to have him stop texting. The officers transporting Escobar to the motel ordered Escobar to stop sending the messages, and he complied.

A couple of hours later, the Victim awoke from her sleep, to find Escobar choking her with both hands. The choking went on for approximately one minute and the Victim began to "lose breath." She believed that Escobar was going to kill her. The Victim kicked Escobar, and was able to escape. With Escobar in pursuit, she ran from the apartment building to a storefront shop, where the owner allowed her to call the police. When she returned to the apartment, it had been ransacked, and both personal property and cash were missing.

After a bench trial, Escobar was convicted of simple assault and the summary offense of harassment. The trial court sentenced Escobar to 80 hours of community service and one year of probation for the simple assault conviction, and a fine of $250 for the harassment conviction. Escobar filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1225(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Escobar raises the following question for our review: "Whether the [t]rial [c]ourt erred in finding [Escobar] guilty where there was insufficient evidence to support the verdict of guilt[y] to simple assault, a misdemeanor of the second degree[?]" Brief for Appellant at 6.[3]

Escobar argues that the evidence was insufficient to support his simple assault conviction. *Id.* at 10. Escobar asserts that the Commonwealth's witness Officer Brian McNeill, the officer who arrived for the second call stated that, in his professional opinion, the Victim's claimed condition was inconsistent with his and another officer's observations. *Id.* Esobar points out that Officer McNeill did not observe any marks on the Victim's face where she indicated that she had been slapped, and he did not believe that the slight redness on her neck was due to any strangling. *Id.* Thus, Escobar asserts the Commonwealth's own evidence established reasonable doubt as to whether the Victim was assaulted. *Id.* at 12-13.

---

[3] Escobar does not raise any claims related to his harassment conviction.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines simple assault as an "[attempt] to cause or intentionally, knowingly or recklessly [causing] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Bodily injury is defined as the "[i]mpairment of physical condition or substantial pain." *Id.* § 2301. "The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury."

*Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012) (citations omitted).

Here, the Victim testified that Escobar woke her up by screaming at her. N.T., 3/16/15, at 11. As she attempted to flee the apartment, Escobar blocked her so that she could not get away, and then he open-hand slapped her across the face. *Id.* at 11-12. She testified that he then tried to grab her hair. *Id.* at 12. The Victim testified that she left the apartment and called the police because Escobar "has a past of doing this" and she "feared for her life." *Id.* The Victim testified that hours later, she woke up to find both of Escobar's hands around her neck, choking her "for probably about a minute." *Id.* at 17-18. She testified that she thought he was going to kill her, and she gasped for air until she kicked Escobar to get him away. *Id.* at 18. The Victim testified that Escobar then chased her as she ran out of the apartment. *Id.*

Officer McNeil testified that the Victim had a disheveled look to her, and she had a slight reddening around her neck. *Id.* at 49. Officer McNeill testified he did not know what caused the reddening. *Id.* He opined that the reddening did not appear consistent with what he has known to be from strangulation. *Id.* He testified that the redness was in the upper chest and neck area, which was the same area in which the Victim indicated she was choked. *Id.*

The trial court, sitting as fact finder, found the testimony of the Victim credible. Trial Court Opinion, 5/21/15, at 4. Here, the evidence demonstrated that the Victim had reddening around her neck in an area consistent with the area in which the Victim says she was choked. Thus, viewed in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence for the trial court to find, beyond a reasonable doubt, that Escobar attempted to cause bodily injury by choking the Victim. ***See Commonwealth v. Smith***, 97 A.3d 782, 788 (Pa. Super. 2014) (stating that the trial court was free to believe all, part or none of the evidence presented at trial, and to reject the testimony of those witnesses it determined were not credible); ***see also Martuscelli***, 54 A.3d at 948. Upon our review of the record, we find no reason to disturb the findings of the trial court. ***See Melvin***, 103 A.3d at 40. Accordingly, the evidence is sufficient to sustain Escobar's conviction for simple assault.[4] ***See Commonwealth v. Emler***, 903 A.2d 1273, 1278 (Pa. Super. 2006)

---

[4] Escobar's claim challenging the credibility of the Victim's testimony, by using contradicting testimony by Officer McNeill, raises a weight of the evidence challenge. ***See Commonwealth v. Griffin***, 65 A.3d 932, 938-39 (Pa. Super. 2013) (stating that a challenge to the credibility of a witness's testimony "is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should have been afforded"). However, Escobar failed to properly preserve a weight of the evidence challenge in the trial court. ***See*** Pa.R.Crim.P. 607. The fact that Escobar raised the claim in his Pa.R.A.P. 1925(b) Concise Statement does not preserve the claim for our review. ***See Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).

(stating that by vigorously and forcefully choking the victim, the defendant took substantial steps toward inflicting bodily injury).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015