564 A.2d 988

**COMMONWEALTH of Pennsylvania**

v.

**John NOVAK, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1989.

Filed Sept. 28, 1989.

34

Chris Rand Eyster, Asst. Public Defender, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before BROSKY, WIEAND and KELLY, JJ.

WIEAND, Judge:

John Novak was tried by a jury and was found guilty of aggravated assault and resisting arrest.[1] On appeal from the judgment of sentence,[2] he contends that the trial court erred in refusing to give an instruction to the jury on the crime of simple assault. We disagree and affirm.

On November 22, 1987, at approximately 9:50 p.m., Rochelle Brackney, a uniformed police officer, was sitting in a marked patrol car on the South Side of Pittsburgh, when she was approached by appellant. Appellant knocked on her window and asked for a cigarette and a light. He then removed a wallet from his trousers, threw it at the officer and into the squad car, and walked away. Officer Brackney radioed for assistance and pursued appellant on foot. After she had caught up with and attempted to question

1. The trial judge also found him guilty of disorderly conduct.

2. Novak was sentenced for aggravated assault to probation for four years, conditional upon outpatient mental health treatment. No further penalties were imposed on the other convictions.

him, appellant shouted obscenities at her and made threatening remarks.  When appellant continued in this manner despite warnings to desist, Officer Brackney placed him under arrest for disorderly conduct.  Appellant pushed the officer against a parked car, threw her against a brick wall, and was "swinging and punching" at her when other officers arrived on the scene.  Officer Brackney's injuries included a cervical strain of her neck, pulled muscles in her back, and torn ligaments of her hands.

Appellant was charged with aggravated assault in violation of 18 Pa.C.S. § 2702(a)(3), as amended, as well as with resisting arrest and disorderly conduct.  After the evidence had been presented at trial, defense counsel orally requested the court to instruct the jury on the crime of simple assault.  The trial court refused to do so, and appellant contends that this was error.

Prior to 1987, a person was guilty of aggravated assault in violation of 18 Pa.C.S. § 2702(a)(3) if he "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to a police officer making or attempting to make a lawful arrest."  However, by amendment of Dec. 11, 1986, P.L. 1517, No. 164, § 1, effective in 60 days, the law was revised so that a person now commits the crime of aggravated assault when he "attempts to cause or intentionally or knowingly causes bodily injury to a police officer or firefighter in the performance of duty."  Appellant was charged with committing aggravated assault in violation of the amended statutory provision.

■ A person commits the crime of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."  18 Pa.C.S. § 2701(a)(1).  Simple assault has been held to be a lesser included offense of aggravated assault.  See: *Commonwealth v. Sirianni,* 286 Pa.Super. 176, 428 A.2d 629 (1981); *Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663 (1979).  As a general rule, a trial court should give a charge on a lesser included offense where there is any disputed evidence on an element of the greater offense.  See: *Commonwealth v.*

*Channell,* 335 Pa.Super. 438, 484 A.2d 783 (1984). However,

> [t]here is no duty on the part of a trial judge to charge upon law which has no applicability to presented facts. *Commonwealth v. Jordan,* 407 Pa. 575, 584, 181 A.2d 310 (1962). If under the evidence presented in a criminal case the defendant must be found guilty of the offense charged or be entitled to an acquittal, the jury need not be instructed as to lower grades to which the evidence does not relate. *Commonwealth v. Melnyczenko,* 238 Pa.Super. 203, 208, 358 A.2d 98 (1976); *Commonwealth v. Dessus,* 214 Pa.Super. 347, 363–64, 257 A.2d 867 (1969), *allocatur refused.*

*Commonwealth v. Showalter,* 275 Pa.Super 1, 4, 418 A.2d 580, 582 (1980). See also: *Commonwealth v. Thomas,* 376 Pa.Super. 455, 546 A.2d 116 (1988); *Commonwealth v. Coleman,* 344 Pa.Super. 481, 496 A.2d 1207 (1985).

■ Appellant argues that a jury could have found that Officer Brackney had made an unlawful arrest and that under such circumstances appellant's offense would have been simple assault. We reject this argument. Under the 1986 amendment, a lawful arrest is not an essential element to a violation of 18 Pa.C.S. § 2702(a)(3). All that is required is that the officer be "in the performance of duty." The police officer in the instant case was in uniform and in the performance of her duties at the time of appellant's assault. There was no contention otherwise. Under the circumstances of this case, therefore, the trial court was not required to instruct the jury on simple assault.

■ The trial court, in error, charged the jury on aggravated assault as defined pre–1987. This was a more favorable instruction than appellant was entitled to receive. Even under the pre–1987 statute, however, the trial court's refusal to instruct the jury on simple assault was not error. Whether an arrest is legal is an issue of law for the court. *Commonwealth v. Bartman,* 240 Pa.Super. 495, 500, 367 A.2d 1121, 1124 (1976). See also: *Commonwealth v. Crawford,* 334 Pa.Super. 630, 483 A.2d 916 (1984); *Common-*

*wealth v. Shannon,* 320 Pa.Super. 552, 467 A.2d 850 (1983). In this case, Officer Brackney clearly had probable cause to believe that appellant was disturbing the peace, for she was present and heard appellant shouting obscenities in a public place despite warnings to desist. The statute, at 18 Pa.C.S. § 5503, provides that

"[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

Appellant also contends that his trial counsel was ineffective for failing to make a written request for an instruction on simple assault. Because we have determined that there is no merit in appellant's underlying claim, appellant's ineffective assistance claim must also fail.

The judgment of sentence is affirmed.