## Commonwealth v. Lacy

*Matthew Smith,* for Commonwealth.
*Michael Halkias, public defender,* for defendant.

GEORGE, *J.,* April 30, 2008—This appeal follows a jury conviction of the defendant, Joe Paul Lacy, for two

counts of aggravated assault, one count of resisting arrest, a count of driving under the influence of alcohol, and a summary violation of careless driving. On appeal, Lacy argues that this court erred in failing to instruct the jury on a lesser included offense of simple assault. Additionally, Lacy makes a boilerplate claim as to the sufficiency of the evidence, however, fails to offer any specifics in regard to which conviction he challenges or what element is allegedly lacking.

In his first challenge, Lacy alleges error on the part of this court in failing to instruct the jury on the crime of simple assault alleging that the same is a lesser included offense of aggravated assault. This issue is both waived and wholly frivolous.

Pennsylvania Rule of Criminal Procedure 647(b) provides that:

"No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury."

The Supreme Court has held that this rule requires "a specific objection to the charge or an exception to the trial court's ruling on a proposed point [for charge in order] to preserve an issue involving a jury instruction." *Commonwealth v. Pressley,* 584 Pa. 624, 630, 887 A.2d 220, 224 (2005). (footnote omitted) See also, *Commonwealth v. Garcia,* 585 Pa. 160, 164, 888 A.2d 633, 636 (2005). Instantly, Lacy did not object following this court's charge to the jury.[1] Accordingly, under the prec-

---

1. At the conclusion of jury instructions, the court inquired of counsel whether they wished to offer anything in regard to the instructions to which both responded in the negative. See trial transcript, p. 134.

edent of *Pressley,* Lacy has waived any issues respecting this court's instructions.

Lacy's lack of objection to this court's charge was prompted, perhaps, by the Superior Court's decision in *Commonwealth v. Novak,* 388 Pa. Super. 33, 35, 564 A.2d 988, 990 (1989). Based upon a factual background substantially similar to the one underlying the current issue, the Superior Court held that there was no error in the trial court's refusal to instruct the jury on the elements of simple assault where the defendant was charged with aggravated assault under section 2702(a)(3) of the Pennsylvania Crimes Code (relating to attempting to cause or intentionally or knowingly causing bodily injury to an enumerated officer acting in the performance of their duty). Although recognizing that simple assault has been held to be a lesser included offense of aggravated assault, see *Commonwealth v. Sirianni,* 286 Pa. Super. 176, 180, 428 A.2d 629, 630 (1981), the *Novak* court reiterated that a trial court should give charge on a lesser included offense only where there is disputed evidence on an element of the greater offense. *Novak* at 35, 564, A.2d at 990. There simply is no duty on the part of trial judge to charge upon law which has no applicability to the presented facts. *Commonwealth v. Jordan,* 407 Pa. 575, 584, 181 A.2d 310, 315 (1962).

Instantly, Lacy was charged with two counts of aggravated assault pursuant to allegations that he attempted to cause or intentionally or knowingly caused bodily injury to two separate state troopers acting in the performance of their duty. Trial evidence indicated that the troopers were on duty in an unmarked state police vehicle. Upon commencing pursuit of Lacy's vehicle,

emergency lights were activated. Immediately upon interacting with Lacy, the troopers identified themselves as Pennsylvania State Police.[2] By all accounts, Lacy's actions, specifically related to the charges of aggravated assault, did not occur until he was placed under arrest. There was neither claim nor suggestion at trial that either of the troopers were acting outside the performance of their duties as one of the enumerated officers set forth in the statutory section. In fact, at trial, Lacy admitted to lawfully being placed under arrest for driving under the influence of alcohol prior to the assault. See trial transcript, p. 88. Defense counsel conceded as much in both his opening and closing statements to the jury. See trial transcript, pp. 19, 112. Under the clear precedent of *Novak,* jury instructions on the crime of simple assault were unwarranted.

In his second issue, Lacy raises a boilerplate claim of sufficiency of the evidence. This claim, however, has not been properly preserved. In his concise statement of matters complained of on appeal, Lacy neither identifies the conviction which he is challenging nor the elements which are allegedly lacking sufficient evidence. The purpose of Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure is to facilitate the preparation of a trial court opinion, to allow meaningful appellate review of issues, and to promote the certainty, consistency, and fairness which arise when all parties are equally obligated to meet procedural rules. *Commonwealth v. Flores,* 909 A.2d 387, 390 (Pa. Super. 2006) (*Flores I*). If a party wishes to preserve a claim that the evidence was

---

2. Lacy confirms the same in his testimony at trial. See trial transcript, p. 68.

154

insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. *Commonwealth v. Flores,* 921 A.2d 517, 522 (Pa. Super. 2007) (*Flores II*). Indeed, a Rule 1925(b) statement essentially identical to that currently before the court has been held to be insufficient to properly preserve a sufficiency challenge. See *Flores I, supra.*

For the foregoing reasons, it is respectfully requested that Lacy's convictions be affirmed.