J-A17003-14

2014 PA Super 165

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMAR SMITH | |
| Appellant | No. 663 EDA 2013 |

Appeal from the Judgment of Sentence January 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003587-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

OPINION BY GANTMAN, P.J.:                    **FILED AUGUST 06, 2014**

Appellant, Jamar Smith, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for aggravated assault, recklessly endangering another person and possession of an instrument of crime.[1]  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this appeal as follows:

> At a waiver trial, the Commonwealth presented the testimony of Complainant, James Kedra, Philadelphia Police Officer, Robert Bakos, and Northeast Detective, Robert Schill.  Additionally, they admitted into evidence photos, medical records, bloody clothing and a box cutter, and a 911 audiotape, which captured a portion of the incident between Appellant and [Mr. Kedra].

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 2705, and 907(a), respectively.

On February 29, 2012, at approximately 11:15 p.m., an altercation occurred on the 3400 block of Aldine Street, on the corner of Aldine and Leon, in the city and county of Philadelphia. [Mr. Kedra] believed Appellant was following him in his vehicle. Both men parked their vehicles; Appellant's vehicle was originally behind Mr. Kedra's, but Mr. Kedra later moved his vehicle to be further away from Appellant. At the same time that Mr. Kedra left his vehicle, Appellant also left his, and a conversation between the two men ensued. Although Mr. Kedra wanted to avoid Appellant, the two were forced to cross paths because of the position of their cars, and Mr. Kedra wanted to make sure that Appellant was not behind him while walking. Mr. Kedra asked Appellant why he had been following him, whereupon Appellant took a fighting stance, only to then strike Mr. Kedra in his forehead and lip. Mr. Kedra saw an object in Appellant's hand, and believing that Appellant was going to stab him, Mr. Kedra used his arm to try and prevent any contact; the altercation was pushed closer to a nearby fence. The two then spun into a car, as Mr. Kedra tried to get Appellant off of him. Despite Mr. Kedra's attempts to block Appellant's advances, [Mr. Kedra] was stabbed several times with a box cutter. Mr. Kedra sustained injuries to his forehead and lip, had a piece taken out of his ear, and had stab wounds in the back of his head and in his back. The fight was brief and only lasted for a few minutes, however, Appellant apparently had threatened to kill Mr. Kedra during the confrontation. Several others, including Mr. Kedra's friends, arrived at the scene in the midst of the altercation.

Appellant's mother heard the commotion between the two men and called the police to the scene. Officers Quinn and Bakos were on duty at 3400 Aldine Street and responded to a person with a weapon. As the officers approached, Officer Balms observed several unidentified males, Appellant's mother, and Mr. Kedra, who was covered in blood. Officer Bakos inquired as to what had occurred, placed Appellant in the police car, and found the box cutter that Appellant admitted to having used to stab Mr. Kedra. Mr. Kedra was then taken to the hospital to be treated for multiple lacerations to his face, including his head, mouth area, puncture wounds to the back and a stab wound to

the chest. Appellant was arrested by Officer Bakos and secured in the back seat of the police car. During trial, Appellant made out a vague claim of self-defense and that he was not the initial aggressor, however, these claims were [ultimately] found not credible by this court.

(Trial Court Opinion, filed December 16, 2013, at 2-4) (internal citations to the record omitted). The court sentenced Appellant to five (5) years' probation on January 31, 2013. Appellant did not file any post-sentence motions. Appellant timely filed a notice of appeal on February 27, 2013, and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on March 1, 2013.

Appellant raises the following issues for our review:

DID THE TRIAL COURT ERR BY APPLYING THE WRONG BURDEN OF PROOF IN THIS SELF-DEFENSE CASE WHEN IT ASSESSED THE EVIDENCE AND REACHED ITS VERDICT FINDING [APPELLANT] GUILTY OF AGGRAVATED ASSAULT, RECKLESSLY ENDANGERING ANOTHER PERSON, AND POSSESSION OF AN INSTRUMENT OF CRIME?

WAS THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO DISPROVE SELF-DEFENSE BEYOND A REASONABLE DOUBT BECAUSE THE EVIDENCE DID NOT CLEARLY DEMONSTRATE THAT [APPELLANT'S] RESPONSE IN USING A BOX CUTTER TO PROTECT HIMSELF WAS UNREASONABLE UNDER THE CIRCUMSTANCES?

(Appellant's Brief at 4).

In his first issue, Appellant argues he has no obligation to prove his claim of self-defense. Rather, the law requires him to provide only some evidence of self-defense, and the Commonwealth must prove beyond a reasonable doubt that the claim lacks merit. Appellant contends the court

erroneously shifted the burden of proof to Appellant when the court evaluated his claim of self-defense. Appellant points to his timely objection during closing arguments when this error occurred, but insists the court did not correct the mistake. Appellant cites the court's Rule 1925(a) opinion as evidence of the probable error, where the court omits explanation of why it did not take corrective action in the face of Appellant's objection. Appellant blames the court's use of improper standards for this erroneous rejection of Appellant's self-defense claim. Appellant concludes the trial court erred as a matter of law in evaluating the evidence, and this Court should vacate the judgment of sentence and remand for a new trial. We disagree.

The Pennsylvania Crimes Code governs self-defense in relevant part as follows:

> **§ 505. Use of force in self-protection**
>
> **(a) Use of force justifiable for protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.
>
> **(b) Limitations on justifying necessity for use of force.—**
>
> *     *     *
>
> (2)  The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating….

\* \* \*

(2.3) An actor who is not engaged in a criminal activity, who is not in illegal possession of a firearm and who is attacked in any place where the actor would have a duty to retreat under paragraph (2)(ii) has no duty to retreat and has the right to stand his ground and use force, including deadly force, if:

(i) the actor has a right to be in the place where he was attacked;

(ii) the actor believes it is immediately necessary to do so to protect himself against death, serious bodily injury, kidnapping or sexual intercourse by force or threat; **and**

(iii) the person against whom the force is used displays or otherwise uses:

(A) a firearm or replica of a firearm as defined in 42 Pa.C.S.A. § 9712 (relating to sentences for offenses committed with firearms); or

(B) any other weapon readily or apparently capable of lethal use.

18 Pa.C.S.A. § 505(a)-(b) (emphasis added).[2] According to our Supreme

---

[2] Section 505 was amended, effective August 29, 2011, to add Pennsylvania's "stand your ground" law, which was before the date of the
*(Footnote Continued Next Page)*

- 5 -

Court, the justified use of deadly force requires:

> a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

*Commonwealth v. Harris*, 542 Pa. 134, 137, 665 A.2d 1172, 1174 (1995).

The defendant has no "burden to prove" his self-defense claim.

*Commonwealth v. Torres*, 564 Pa. 219, 224, 766 A.2d 342, 345 (2001).

The Supreme Court explained the evidentiary burdens as follows:

> While there is no burden on a defendant to prove the [self-defense] claim, before that defense is properly at issue at trial, there must be some evidence, from whatever source to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Id.* (internal citations omitted). *See also Commonwealth v. Bullock*, 948 A.2d 818, 824 (Pa.Super. 2008) (stating same standard). If the defendant properly raises "self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." *Commonwealth v. McClendon*, 874 A.2d 1223, 1229-30 (Pa.Super. 2005).

_____
*(Footnote Continued)*

incident (February 29, 2012). Therefore, the 2011 amendment to Section 505 applies to this case.

The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

**Commonwealth v. Hammond**, 953 A.2d 544, 559 (Pa.Super. 2008), *appeal denied*, 600 Pa. 743, 964 A.2d 894 (2009) (quoting **McClendon, supra** at 1230). The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. **Commonwealth v. Burns**, 765 A.2d 1144, 1149 (Pa.Super. 2000), *appeal denied*, 566 Pa. 657, 782 A.2d 542 (2001). The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger. **Commonwealth v. Sepulveda**, 618 Pa. 262, ___, 55 A.3d 1108, 1124 (2012).

The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

**Commonwealth v. Mouzon**, 617 Pa. 527, 551, 53 A.3d 738, 752 (2012). As the **Mouzon** Court observed, the use of deadly force itself "cannot be viewed in isolation with [the victim] as the sole physical aggressor and [the

- 7 -

defendant] acting in responsive self-defense. [T]his would be an incomplete and inaccurate view of the circumstances for self-defense purposes." **Id.** at 549, 53 A.3d at 751. To claim self-defense, the defendant must be free from fault in provoking **or escalating** the altercation that led to the offense, before the defendant can be excused from using deadly force. **Id.** (emphasis added). Likewise, the Commonwealth can negate a self-defense claim by proving the defendant "used more force than reasonably necessary to protect against death or serious bodily injury." **Commonwealth v. Truong**, 36 A.3d 592, 599 (Pa.Super. 2012) (*en banc*).

When the defendant's own testimony is the only evidence of self-defense, the Commonwealth must still disprove the asserted justification and cannot simply rely on the jury's disbelief of the defendant's testimony:

> The "disbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact." The trial court's statement that it did not believe Appellant's testimony is no substitute for the proof the Commonwealth was required to provide to disprove the self-defense claim.

**Commonwealth v. Reynolds**, 835 A.2d 720, 731 (Pa.Super. 2003) (quoting **Torres, supra**). If there are other witnesses, however, who provide accounts of the material facts, it is up to the fact finder to "reject or accept all, part or none of the testimony of any witness." **Commonwealth v. Gonzales**, 609 A.2d 1368, 1370 (Pa.Super. 1992). The complainant can serve as a witness to the incident to refute a self-defense claim. **Reynolds, supra**. **See also Commonwealth v. Hall**, 574 Pa. 233, 242, 830 A.2d

537, 542-43 (2003) (holding defendant's own testimony that shooting was accidental was ineffective because there was adequate circumstantial evidence to prove he pointed gun in direction of victim and discharged it). "Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a [fact-finder] is not required to believe the testimony of the defendant who raises the claim." *Commonwealth v. Bullock*, 948 A.2d 818, 824 (Pa.Super. 2008).

A number of factors, including whether complainant was armed, any actual physical contact, size and strength disparities between the parties, prior dealings between the parties, threatening or menacing actions on the part of complainant, and general circumstances surrounding the incident, are all relevant when determining the reasonableness of a defendant's belief that the use of deadly force was necessary to protect against death or serious bodily injuries. *See Commonwealth v. Soto*, 657 A.2d 40 (Pa.Super. 1995) (concurring opinion by Olszewski, J.) (collecting cases for this general proposition). No single factor is dispositive. *Id.* Furthermore, a physically larger person who grabs a smaller person does not automatically invite the smaller person to use deadly force in response. *Commonwealth v. Hill*, 629 A.2d 949 (Pa.Super. 1993).

Finally, a trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence. *Commonwealth v. Dent*, 837 A.2d 571 (Pa.Super. 2003).

In the instant case, the trial court reasoned:

> Although Appellant contends that the trial court erred in placing upon him the burden of proving self-defense, the burden did not shift from the Commonwealth throughout the trial. Once the issue of self-defense had been vaguely raised by Appellant, the Commonwealth sustained its burden of proof by demonstrating beyond a reasonable doubt that Appellant did not reasonably believe that he was in danger of death or serious bodily injury and that his response was improper. Even if Appellant feared Mr. Kedra, the court found that Appellant's use of deadly force, after he claimed Mr. Kedra had pushed him, was unwarranted and unreasonable.
>
> Despite the fact that the court believed Appellant's character evidence, this does not negate the fact that the court ultimately found Appellant's response in this situation to be completely inappropriate and that the use of a deadly weapon in the altercation was unreasonable. Based upon all of the evidence, the court concluded that [Appellant] could not have reasonably believed that he was in imminent danger of serious bodily injury, in order to justify the use of a box cutter, where there was no threat of deadly force. Therefore, the Commonwealth satisfied its burden by establishing that the accused did not reasonably believe that he was in danger of death or serious bodily injury.

(Trial Court Opinion at 5). We agree. The court found Mr. Kedra's testimony was more credible than Appellant's testimony. The trial court, as trier of fact, decided the evidence proved beyond a reasonable doubt that Appellant unreasonably escalated the altercation when he attacked Mr. Kedra with a box cutter. This finding is consistent with the proper burdens of claiming and disproving self-defense. Drawing all reasonable inferences from the evidence viewed in the light most favorable to the Commonwealth, we conclude the trial court applied the correct standards and there was no

improper shifting of burdens. Appellant's reliance on **Commonwealth v. Eberle**, 474 Pa. 548, 379 A.2d 90 (1977) is misplaced. **See id.** (stating mere threat of imminent attack from larger, drunken, and violent individual can justify use of deadly force; pattern of destructive or abusive behavior could justify use of deadly force for purposes of self-defense against larger person in drunken rage). Here, we see no evidence that Mr. Kedra was in a drunken rage, or that he had a history of abusing Appellant, such that Appellant reasonably felt justified in using a response that escalated the encounter. Finally, we observe that the trial court sitting as trier of fact is presumed to know the law and correctly apply the burden of proof. **See Dent, supra**. Nothing in this record indicates the contrary. Accordingly, Appellant's first issue merits no relief.

In his second issue, Appellant asserts the Commonwealth failed to disprove Appellant acted in self-defense. Specifically, Appellant claims that as a 130-pound, 18-year-old high school student, he reasonably feared serious bodily injury when a 215-pound, 28-year-old man (who had been drinking) unexpectedly accosted Appellant as he returned home after work, late at night. Appellant maintains the court mischaracterized the incident as a mere "fistfight" when it ignored the many real dangers associated with violent encounters on the street during the late hours of the night. Appellant argues the Commonwealth failed to prove Appellant did not reasonably believe he was in imminent danger of death or serious bodily

harm as a matter of law, given the disparity in weight between Appellant and the complainant and the time of night. Appellant concludes this Court should vacate the convictions/sentence and discharge him. We disagree.

Appellant's challenge to the sufficiency of the evidence implicates the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Barnswell Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Instantly, in response to Appellant's sufficiency challenge, the court stated:

> In this case, the evidence presented at trial was sufficient

to convict Appellant of possession of an instrument of crime and recklessly endangering another person. Although both sides presented evidence, the testimony of Mr. Kedra, Officer Bakos, and Detective Schill was found to be credible and believable. Although all versions presented by the witnesses were fairly consistent, this court found the evidence presented by the Commonwealth to be dispositive. Even though the court did believe the character evidence presented by Appellant, this does not change the fact that there was sufficient evidence to find that Appellant had not acted reasonably in this situation and had escalated a physical altercation into deadly violence. Furthermore, the second prong of Appellant's contention has previously been addressed here, where his actions were found to be unjustified for the situation.

Viewing the facts of this case in the light most favorable to the [Commonwealth], the conviction should be upheld. This [c]ourt made a determination of fact and there is nothing in the record to warrant overturning that determination.

(Trial Court Opinion at 6-7). We agree. The record supports the court's decision, and we see no reason to disturb it. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2014