J-S05044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK CHRISTIAN HARSH, | |
| Appellant | No. 1369 MDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0001080-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 30, 2017**

Appellant, Mark Christian Harsh, appeals from the judgment of sentence imposed following his jury conviction of aggravated assault[1] and simple assault.[2]  Court-appointed counsel for Appellant has filed a petition to withdraw from representation on the basis of frivolity, and a supporting brief pursuant to **Anders v. California**[3] and **Commonwealth v. Santiago**.[4]  For

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] 18 Pa.C.S.A. § 2701(a)(2).

[3] 386 U.S. 738 (1967).

[4] 978 A.2d 349 (Pa. 2009).

the reasons set forth below, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We derive the following recitation of facts from the trial court's July 26, 2016 opinion and our independent review of the certified record. Shortly after 9:00 p.m. on May 11, 2015, Appellant was playing music at such a volume that it reverberated in the victim's upstairs apartment and knocked candles off the windowsill; it could be heard outside of the building. (***See*** N.T. Trial, 2/29/16, at 37-38, 96). The victim, Dustin Jackson, having unsuccessfully attempted to put his son to sleep, went downstairs to ask Appellant to lower the volume. (***See id.***). Because of prior encounters with Appellant, the victim took his cell phone with him to record the interaction. (***See id.*** at 38). There was no answer to initial knocks, but Appellant answered the victim's subsequent, louder knocks. (***See id.***) During the ensuing exchange, Appellant told the victim "fuck you nigger," spit in the victim's face, and "slammed the door shut." (***Id.*** at 39). The victim became angry and kicked the door two or three times, but not with such force as to break or damage it. (***See id.*** at 40, 84-85).

As the victim turned around to leave, he saw Appellant reappear at the door with a hammer in his hand. (***See id.*** at 42). Appellant exited his apartment, approached the victim, took the cell phone out of the victim's hand, and smashed it with his hammer. (***See id.*** at 42, 50). As the victim continued to back away, Appellant struck him with the hammer. (***See id.*** at

- 2 -

42, 98). The victim raised his arm to protect his face, sustaining an injury to his forearm. (*See id.* 42, 98-99). As a result, the victim fell backwards and hit his head. (*See id.* at 44-45). While the victim was on the ground, Appellant stood over him saying, "I'm going to kill you." (*Id.* at 45; *see id.* at 46).

Appellant's wife yelled at him to stop, and he returned to his apartment. (*See id.* at 45-46). The victim went to the hospital. (*See id.* at 47). He sustained swelling and scraping to his left arm, causing a dent and continual shooting pain through his wrist, which has persisted. (*See id.* at 47-48, 83).

The Commonwealth charged Appellant with aggravated assault, simple assault, and harassment.[5] A jury convicted him of aggravated assault and simple assault. On April 6, 2016, the trial court sentenced Appellant to a term of not less than thirty-three nor more than one hundred and twenty months of incarceration in a state correctional institution for the aggravated assault conviction.[6] Appellant filed post-sentence motions for a new trial challenging the weight and sufficiency of the evidence and raising a Fifth

---

[5] 18 Pa.C.S.A. § 2709(a)(1); the disposition of the harassment charge is not a subject of the instant appeal.

[6] The conviction of simple assault merged for sentencing purposes.

Amendment claim, which the trial court denied on July 26, 2016. (*See* Trial Court Opinion, at 14). Appellant timely appealed.[7]

On November 15, 2016, counsel for Appellant filed a motion to withdraw as counsel and an *Anders* brief. Counsel raises three issues for our review:

> 1. Whether the Commonwealth presented sufficient evidence for the jury to find [Appellant] guilty of both aggravated assault and simple assault, beyond a reasonable doubt?
>
> 2. Whether the verdict of guilty of aggravated assault and simple assault was against the weight of the evidence presented at trial?
>
> 3. Whether [Appellant] was denied a fair trial when his right to remain silent was violated when he was being questioned by the Commonwealth's attorney?

(*Anders* Brief, at 7).

Before addressing the merits of Appellant's claims, we must first review counsel's petition to withdraw. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007). If counsel seeks to withdraw under *Anders*, he must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding

_____

[7] On September 12, 2016, Appellant filed a timely statement of errors complained of on appeal, pursuant to the court's order. The court filed an opinion on September 22, 2016. *See* Pa.R.A.P. 1925.

that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel must also provide Appellant with a copy of the *Anders* brief, together with a letter that advises Appellant of his right to: (1) retain private counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise additional arguments that the Appellant deems worthy of the Court's attention. *See Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) (citation omitted).

Substantial compliance with these requirements is sufficient. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa. Super. 2006) (citation omitted).

Here, court-appointed counsel has complied with the *Anders* and *Santiago* requirements. Counsel submitted a brief which summarizes the facts and procedural history of the case, refers to evidence of record that might arguably support the appeal, provides citations and relevant case law, and sets forth his reasoning and conclusion that the appeal is wholly frivolous. (*See Anders* Brief, at 8-15). Counsel has filed a petition to withdraw from further representation, notified Appellant of the withdrawal

request, and sent him a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believes to be meritorious. (**See** Letter from Jonathan C. Faust, Esq. to Appellant, 11/04/16). A review of the record reveals no response from Appellant. Because counsel's petition and brief satisfy the requirements of **Anders** and **Santiago**, we will undertake our own review of the appeal to determine if it is wholly frivolous. **See Palm**, **supra** at 1246.

The **Anders** brief first challenges the sufficiency of the evidence for Appellant's conviction of aggravated assault and simple assault. (**See Anders** Brief, at 7). Specifically, the brief asserts that the Commonwealth failed to establish that Appellant acted with the requisite intent to cause bodily injury with a deadly weapon, or to disprove his self-defense claim. (**See id.** at 11-12). We disagree.

Our standard of review for a challenge to the sufficiency of the evidence is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

> may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

A person commits the offense of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S.A. § 2702(a)(4). A person acts "intentionally" when "it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S.A. § 302(b)(1)(i). A person acts "knowingly" when "he is aware that it is practically certain that his conduct will cause such a result." 18 Pa.C.S.A. § 302(b)(2)(ii). "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Gruff*, 822 A.2d 773, 776 (Pa. Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (citation omitted).

Appellant also claims self-defense. (*See Anders* Brief, at 12). The Pennsylvania Crimes Code specifies when it is justifiable to use force against another person in the interest of self-protection. *See* 18 Pa.C.S.A. § 505. A defendant has no burden to prove he acted in self-defense. *See Smith*, *supra* at 787. However, "[b]efore the issue of self-defense may be

submitted to a jury for consideration, a valid claim of self-defense must be made out as a matter of law, and this determination must be made by the trial judge." ***Commonwealth v. Mayfield***, 585 A.2d 1069, 1070 (Pa. Super. 1991).

The Commonwealth has the burden to prove beyond a reasonable doubt that the defendant was not acting in self-defense. ***See Commonwealth v. Houser***, 18 A.3d 1128, 1135 (Pa. 2011), *cert. denied*, 565 U.S. 1247 (2012). The Commonwealth meets its burden by establishing either that: "(1) the [defendant] did not reasonably believe that he was in danger of death or serious bodily injury; or (2) the [defendant] provoked or continued the use of force; or (3) the [defendant] had a duty to retreat and the retreat was possible with complete safety." ***Smith***, ***supra*** at 787 (citation omitted).

A defendant claiming self-defense must have both a subjective belief that he was in imminent danger, and an objectively reasonable belief that the use of force was necessary to protect against death or serious bodily injury. ***See id.*** The reasonableness of a defendant's belief can be determined by considering such factors as "whether complainant was armed, any actual physical contact, size and strength disparities between the parties, prior dealings between the parties, threatening or menacing actions on the part of the complainant, and general circumstances surrounding the incident[.]" ***Id.*** at 788 (citation omitted). The defendant must not have

"used more force than reasonably necessary to protect against death or serious bodily injury." ***Id.*** (citation omitted). Finally, the defendant "must be free from fault in provoking or escalating the altercation that led to the offense[.]" ***Id.*** (citation and emphasis omitted).

Here, viewing the evidence, together with all the reasonable inferences, in the light most favorable to the Commonwealth as the verdict winner, we conclude that it was ample to enable the jury to conclude that Appellant had the requisite intent to commit aggravated assault, and that the Commonwealth disproved Appellant's claim of self-defense beyond a reasonable doubt.

First, Appellant used provocative language, calling the victim a racial epithet, spit on his face, and slammed the door shut. After kicking the door angrily, the victim started to walk away. Then, Appellant, already safely inside his own apartment with the door closed, armed himself with a hammer, re-opened the door, and chased the retreating victim. Appellant struck the victim with the hammer. The victim testified that Appellant then stood over him saying, "I'm going to kill you." (***See*** N.T. Trial, 2/29/16, at 45).

Despite Appellant's claim that he feared for his life and the life of his wife, the jury, by its verdict, concluded that the Commonwealth presented sufficient evidence that Appellant intentionally caused bodily injury to the victim without justification. Appellant plainly chose to leave the safety of his

own apartment to pursue the retreating victim. Ultimately, the jury as fact-finder was not required to credit Appellant's version of events. *See Houser*, *supra* at 1135 ("a jury is not required to believe the testimony of the defendant who raises the claim [of self-defense.]") (citation omitted). We may not reweigh the evidence and substitute our judgment for that of the fact-finder. *See Smith*, *supra* at 790. Accordingly, we conclude that this issue is without merit.

The *Anders* brief also challenges the sufficiency of the evidence for simple assault. (*See Anders* Brief, at 7). Simple assault is a lesser-included offense of aggravated assault. *See Commonwealth v. Novak*, 564 A.2d 988, 989 (Pa. Super. 1989). Because the jury's aggravated assault conviction is supported by sufficient evidence, its simple assault verdict is also supported by sufficient evidence. For this reason, neither sufficiency claim merits relief.

In the second issue, the *Anders* brief asserts that the guilty verdict for aggravated and simple assault was contrary to the weight of the evidence.[8] (*See Anders* Brief, at 7, 12-13).

> When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of discretion in resolving the challenge. This type of review is necessitated by the fact that the trial judge heard and saw

---

[8] Appellant preserved this claim by raising it with the trial court in a post-sentence motion. *See* Pa.R.Crim.P. 607(A)(3).

- 10 -

the evidence presented. Simply put, [o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

Of equal importance is the precept that, [t]he finder of fact . . . exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence.

*Commonwealth v. Konias*, 136 A.3d 1014, 1022-23 (Pa. Super. 2016), *appeal denied*, 145 A.3d 724 (Pa. 2016) (citations and quotation marks omitted).

In the instant case, the verdict confirms that the jury credited the testimony of the Commonwealth's witnesses. *See*, *e.g.*, *Commonwealth v. Karns*, 70 A.3d 881, 884 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1063 (Pa. 2014) (Where . . . weight of the evidence [is] concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court.") (citation omitted). Our review of the record reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. *See Konias*, *supra* at 1022-23. Accordingly, Appellant's weight of the evidence claim lacks merit.[9]

_____

[9] As already noted, simple assault is a lesser-included offense of aggravated assault. *See Novak*, *supra* at 989. Because the jury's verdict of guilty of

*(Footnote Continued Next Page)*

- 11 -

In its final issue, the **Anders** brief argues that Appellant "was denied a fair trial when his right to remain silent was violated when he was being questioned by the Commonwealth's Attorney[.]" (**Anders** Brief, at 7; **see id.** at 13). This issue is waived for Appellant's failure to file a pre-trial motion seeking to suppress the statement he provided to the police. **See Commonwealth v. Baumhammers**, 960 A.2d 59, 76 (Pa. 2008); Pa.R.Crim.P. 581. Moreover, it would not merit relief.

The record reflects that Appellant voluntarily provided an oral statement to the police, thereby neither remaining silent nor invoking his rights under the Fifth Amendment. (**See** N.T. Trial, 2/29/16, at 159-60). Because Appellant voluntarily provided his statement to the police, we agree with counsel that this claim is wholly frivolous.

Based on the foregoing, the claims raised in the **Anders** brief lack merit. Further, our independent review of the record reveals no non-frivolous claims that Appellant could have raised. We agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

aggravated assault is not against the weight of the evidence, its verdict of guilty of simple assault is also not against the weight of the evidence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2017