J-S93019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY I. HIGHSMITH, | |
| Appellant | No. 309 EDA 2015 |

Appeal from the Judgment of Sentence August 15, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000376-2013

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:              **FILED MAY 26, 2017**

I respectfully dissent.  For a sufficiency challenge, as recognized in principle by the learned Majority, we view the evidence in the light most favorable to the Commonwealth, as verdict winner.  (**See** Majority, at *24). Applying this standard, I would affirm Appellant's judgment of sentence for his third-degree murder conviction.

It is well-settled that on appellate review, in evaluating a sufficiency claim, "[w]e do not weigh the evidence or make credibility determinations[,]" nor can we substitute our judgment for that of the factfinder.  **Commonwealth v. Kane**, 10 A.3d 327, 332 (Pa. Super. 2010),

---

[*] Retired Senior Judge assigned to the Superior Court.

*appeal denied*, 29 A.3d 796 (Pa. 2011) (citation omitted); ***see also Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014).

In my view, the Majority misapplies our standard of review by re-weighing the evidence and accepting as credible the self-serving testimony of Appellant that he shot Scott three times in self-defense when Scott grabbed his arm and leapt towards him. (***See*** N.T. Trial, 6/10/14, 77-81, 120-21). The trial court sitting as factfinder expressly found Appellant's testimony that he acted out of fear for his life "incredible." (Trial Court Opinion, 3/17/16, at 15; ***see id.*** at 13 ("Although [Appellant] testified that he killed Mr. Scott because he feared for his life, the facts show that this was not a credible claim.")).

Moreover, in accepting Appellant's version of events, the Majority overlooks testimony indicating that Scott was not within grabbing distance of Appellant's gun when Appellant fired the shots. Disinterested eyewitness Susan Fournier testified that Appellant and Scott were standing six or seven feet apart during the incident and, just seconds before the shooting, they had stopped arguing and were walking away from one another in opposite directions. (***See*** N.T. Trial, 6/09/14, at 170-71, 173, 175-81). Zahira Ali, who was walking home with Appellant, testified that Scott was following them at a distance of a car length, and that she did not observe the men physically engage at any point. (***See id.*** at 121, 127-29, 133). The Commonwealth also presented ballistics evidence indicating that the men

- 2 -

were at least thirty-six inches apart when Appellant fatally shot Scott. (**See** **id.** at 56, 217, 228-29).

From my independent review of this case, I would conclude that the record amply supports the findings and credibility determinations of the trial court and its rejection of the voluntary manslaughter charge. Under our standard of review, this Court is not at liberty to re-weigh the evidence or disturb the trial court's findings by viewing the record in the light most favorable to **Appellant**, rather than the Commonwealth, and substituting our judgment on Appellant's imperfect self-defense claim. Therefore, I would affirm the judgment of sentence. Accordingly, I respectfully dissent.