J. S17031/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTONIO MARRERO-CRUZ, | : | No. 1648 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered September 13, 2019,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0005480-2017

BEFORE:  PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 03, 2020**

Antonio Marrero-Cruz appeals from the September 13, 2019 judgment of sentence entered in the Court of Common Pleas of Berks County, following a bench trial where appellant was convicted of two counts of aggravated assault, two counts of simple assault, and one count each of possessing instruments of crime, and recklessly endangering another person ("REAP").[1] The trial court sentenced appellant to an aggregate term of 6 to 20 years' incarceration, followed by two years' probation.  We affirm.

The following facts were gleaned from the trial court's opinion:  This incident was instigated by Angel "Gordo" Melendez ("Gordo"), who borrowed the motor bike of appellant's son, William Marrero-Rodriguez, and was

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and (a)(4); 2701(a)(1) and (a)(2); 907(a); and 2705, respectively.

involved in an accident. Gordo refused to pay for the repairs or replace the dirt bike. On June 14, 2019, appellant's son arrived in the Glenside area of Reading to discuss payment for the damages to his dirt bike. Appellant's son spoke with both Luis Salame-Morales ("Luis") and Gordo. Gordo reiterated that he would not pay to repair or replace the bike, slapped appellant's son, and kicked his car. Appellant's son left and returned with appellant and other family members. (Trial court opinion, 12/3/19 at 2-4.)

When appellant arrived, he was angry and agitated by Gordo's behavior toward his son. Jorge Salame ("the victim"), Luis' brother, testified that appellant had a gun in his hand and was making threats. Appellant and Luis argued. Luis testified that appellant said if the damages to the motor bike were not paid for, he "was going to shoot everybody and break everybody's car." Both men pointed guns at one another. The victim attempted to calm things down. When appellant threatened Luis, by placing a gun to his head, Jonathan Salame, Luis' son, tackled appellant. The three men, appellant, Luis and Jonathan, fell to the ground and struggled over the guns. In the process, a weapon discharged, injuring all three men. Luis and Jonathan ran. Although the victim's hands were in the air, appellant fired his gun, hitting the victim in the side of his back. This injury led to hospitalization and medical complications. As a result of the shooting, the victim will be in a wheelchair for the rest of his life. (*Id.*)

Following the imposition of sentence, no post-sentence motions were filed. Appellant filed a timely notice of appeal. On October 15, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Whether [appellant']s uncontradicted testimony at trial, and the forensic evidence presented, demonstrated that the shooting in this case was justified as self-defense, thus requiring the Commonwealth to disprove this theory beyond a reasonable doubt, and as self-defense was not disproven by the Commonwealth, is not the evidence insufficient to support the guilty verdicts?
>
> [2.] Whether there was sufficient evidence presented at trial to enable the fact-finder to find each element necessary for conviction for the charges of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) where the evidence of record did not establish beyond a reasonable doubt that [a]ppellant acted with a recklessness manifesting an extreme indifference to the value of human life – *i.e.* malice – which must be proven to establish aggravated assault?
>
> [3.] Whether there was sufficient evidence presented at trial to enable the fact-finder to find each element necessary for conviction for the charges of simple assault under both 18 Pa.C.S.A. § 2701(a)(1) and (a)(2); and recklessly endangering another person under 18 Pa.C.S.A. § 2705, since the evidence presented at trial was insufficient to establish the required *mens rea* of recklessness or gross negligence as required to sustain convictions of each crime?

Appellant's brief at 4.

Appellant's issues challenge the sufficiency of the evidence to sustain his convictions.[2]

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence.

*Commonwealth v. Emler*, 903 A.2d 1273, 1276 (Pa.Super. 2006) (citation omitted).

On appeal, appellant first argues that the evidence was insufficient to sustain his convictions because the Commonwealth failed to disprove, beyond a reasonable doubt, that appellant acted in self-defense.

> [A] claim of self-defense (or justification, to use the term employed in the Crimes Code) requires evidence establishing three elements: (a) [that the defendant]

---

[2] While appellant asserts that the Commonwealth did not disprove that he acted in self-defense, appellant does not specifically challenge the sufficiency of the evidence with respect to his convictions for aggravated assault, 18 Pa.C.S.A. § 2702(a)(4), and possession of instruments of crimes, 18 Pa.C.S.A § 907(a).

reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat. Although the defendant has no burden to prove self-defense . . . before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding. Once the question is properly raised, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense. The Commonwealth sustains that burden of negation if it proves any of the following: [1] that the [defendant] was not free from fault in provoking or continuing the difficulty which resulted in the [injury]; [2] that the [defendant] did not reasonably believe that he was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save himself therefrom; or [3] that the [defendant] violated a duty to retreat or avoid the danger.

*Commonwealth v. Mouzon*, 53 A.3d 738, 740-741 (Pa. 2012) (citations and quotation marks omitted; some brackets in original text); *see also* 18 Pa.C.S.A. § 505. "If the Commonwealth establishes any one of these three elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection is at issue." *Commonwealth v. Burns*, 765 A.2d 1144, 1149 (Pa.Super. 2000) (citation omitted).

While there is no burden on a defendant to prove the [self-defense] claim, before that defense is properly at issue at trial, there must be some evidence, from whatever source to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa.Super. 2014) (citation omitted).  A defendant's own testimony is sufficient to raise a claim of self-defense.  *See Commonwealth v. Reynolds*, 835 A.2d 720, 731 (Pa.Super. 2003)

Here, appellant did not testify.  (Trial court opinion, 12/3/19 at 4.) Rather, the appellant sought to raise his self-defense claim mainly through the testimony of Detective Justin Uczynski, who interviewed appellant at the hospital.  (Notes of testimony, 5/22/19 at 205.)  Appellant reported to Detective Uczynski that while he was struggling on the ground with Luis and Jonathan, the victim approached and pointed a gun at him.  (*Id.* at 208, 209; appellant's brief at 16-19.)  Appellant then shot the victim.  (*Id.*)  This evidence was sufficient to raise a self-defense claim and require the Commonwealth to prove that appellant did not act in self-defense beyond a reasonable doubt.  *Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa.Super. 2014).

The record reflects that appellant provoked the initial confrontation. Appellant arrived in an angry and agitated state.  The victim testified that appellant was brandishing a firearm when he exited his vehicle. (Notes of testimony, 5/20/19 at 111.)  Appellant then threatened to shoot people and their cars.  (*Id* at 53, 111.)  After struggling with Luis and Jonathan, a gun went off and Luis and Jonathan ran away.  (*Id.* at 57.)  At that point, appellant shot the victim while his hands were up in the air.  (*Id.* at 122.)  Further,

"[w]hile there was testimony regarding a second weapon being present and handled by Luis [], there was no testimony by any witness, and the video of the incident[3] d[id] not show, that [the victim] had a gun at any point." (Trial court opinion, 12/3/19 at 4.) The trial court, as the finder-of-fact, rejected appellant's self-defense claim. (*Id.* at 4.) Viewing the facts in the light most favorable to the Commonwealth, as the verdict winner, we find that the evidence was sufficient for the trial court to find that the Commonwealth proved, beyond a reasonable doubt, that appellant was the aggressor and, therefore, disproved appellant's claim of self-defense beyond a reasonable doubt.

Appellant's remaining sufficiency challenges are directed to his convictions for aggravated assault, Section 2702(a)(1) only; simple assault, Sections 2701(a)(1) and (a)(2); and REAP, Section 2705. "With regard to each crime, [appellant] does not contest the sufficiency of evidence for any element other than the *mens rea* requirements." (Appellant's brief at 32).

Although appellant couches these claims as sufficiency challenges, appellant does nothing more than attack witness credibility and attempt to bolster his own version of the facts. For example, appellant claims he "declined an opportunity to inflict injury on either of his co-combatants while he had the opportunity at close range and, further, even went so far as to

---

[3] There was surveillance video footage of the incident which was played in court. Several witnesses were questioned with regard to what the video depicted. (Notes of testimony, 5/20-24/19; Exhibit 10.)

disarm Luis [] to put an end to the aggression." (Appellant's brief at 29-30.) He also claims that Luis pointed his gun at him and attempted to fire and that "[a]ny alleged assault of any of these men was occasioned by [appellant]'s efforts to save his [own] life." (***Id.*** at 33-34.) In so doing, appellant challenges the weight of the evidence, not its sufficiency. ***See***, ***e.g.***, ***Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa.Super. 2003) (finding that review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa.Super. 1997) (noting that the fact-finder makes credibility determinations, and challenges to those determinations go to the weight, not the sufficiency, of the evidence). A weight challenge, however, is not properly before us because the record reflects that appellant failed to raise a weight claim in the trial court. ***See*** Pa.R.A.P. 302(a) (issues not raised in the trial court waived on appeal).

Nevertheless, we note that even if appellant had properly presented his remaining sufficiency challenges, they would fail. A person is guilty of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." To establish recklessness, the Commonwealth must show that:

> [the appellant]'s recklessness rose to the level of
> malice, a crucial element of aggravated assault. …The

> malice that is required for aggravated assault is the same as that required for third degree murder. Malice consists of a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured.

*Commonwealth v. Miller*, 955 A.2d 419, 422 (Pa.Super. 2008) (citations and quotation marks omitted). "[F]or the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue." *Commonwealth v. Packer*, 168 A.3d 161, 170 (Pa. 2017) (citation omitted, brackets in original text).

"Brandishing a loaded firearm … provides sufficient basis on which a fact[-]finder may conclude that a defendant proceeded with conscious disregard for safety of others, and had the present ability to inflict great bodily harm or death. *Commonwealth v. Hopkins*, 747 A.2d 910, 916 (Pa.Super. 2000) (citation omitted). Further, where

> the victim [has] suffered serious bodily injury the Commonwealth may establish the *mens rea* of aggravated assault with evidence that the assailant acted either intentionally, knowingly, or recklessly. . . . In determining whether intent was proven from such circumstances, the fact finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom.

*Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa.Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007) (citations and quotation marks omitted).

Here, the Commonwealth presented evidence that appellant arrived in an agitated state with gun in hand, made threats to shoot people and their cars, and shot the unarmed victim. (Notes of testimony, 5/20/19 at 53, 111, 122.) Further, it is uncontested that the victim sustained serious and permanent bodily injury. Therefore, the evidence was sufficient to establish that appellant acted recklessly, the required ***mens rea*** of aggravated assault.[4]

As for appellant's REAP conviction, we note that "[e]very element of reckless endangerment is subsumed in the elements of aggravated assault." ***Commonwealth v. McCalman***, 795 A.2d 412, 417 (Pa.Super. 2002), ***appeal denied***, 812 A.2d 1228 (Pa. 2002). Additionally, simple assault is a lesser included offense of aggravated assault and REAP. ***See Commonwealth v. Novak***, 564 A.2d 988, 989 (Pa.Super. 1989) (citation and quotation marks omitted); ***Commonwealth v. Brunson***, 938 A.2d 1057, 1061 (Pa.Super. 2007), ***appeal denied***, 952 A.2d 674 (Pa. 2008). Therefore, even if appellant did not waive his remaining sufficiency challenges, we would find that the evidence was sufficient to sustain appellant's convictions.

Judgment of sentence affirmed.

---

[4] Additionally, we note that appellant has not challenged his conviction for aggravated assault, 18 Pa.C.S.A. § 2702(a)(4), "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury to another with a deadly weapon." Therefore, appellant cannot dispute that he acted intentionally or knowingly, which can alternatively serve as the ***mens rea*** required under Section 2702(a)(1).

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/03/2020