J-S59024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY CLEMENS | |
| Appellant | No. 2415 EDA 2015 |

Appeal from the Judgment of Sentence June 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011993-2014

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 09, 2016**

Appellant, Larry Clemens, appeals from the judgment of sentence entered on June 11, 2015, as made final by the denial of his post-sentence motion on July 8, 2015.  We affirm.

The relevant factual background and procedural history of this case is as follows.  Appellant resided with his aunt, Ester Thomas ("Aunt"), and cousin, Rose Thomas ("Cousin").  On the evening of October 2, 2014, Cousin was on the phone with Robert Brokenbrough ("Victim").  At that time, Aunt and Appellant began to argue.  Victim later told Cousin that he may stop by her residence.

Approximately 30 minutes later, Cousin heard an argument downstairs.  Appellant came upstairs and informed her that he had hurt Victim "pretty bad."  When police arrived, they located Victim in the kitchen.

*Former Justice specially assigned to the Superior Court.

He suffered 17 stab wounds, including large stab wounds to the head and neck. Victim died as a result of those stab wounds.

Appellant told police at the crime scene that a man named Malik stabbed Victim. When police searched Appellant's bedroom, they located two knives. Both Appellant's and Victim's blood were found on the two knives. At trial, Appellant testified that Victim attacked him and that he stabbed Victim in self-defense.

On October 29, 2014, Appellant was charged via criminal information with first-degree murder[1] and possessing an instrument of crime.[2] On June 11, 2015, Appellant was convicted of both charges. The trial court immediately sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. On June 19, 2015, Appellant filed a post-sentence motion. On July 8, 2015, the trial court denied the post-sentence motion. This timely appeal followed.[3]

Appellant presents two issues for our review:

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 907.

[3] On August 20, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On September 10, 2015, Appellant filed his concise statement. On November 18, 2015, the trial court issued its Rule 1925(a) opinion. Appellant included both issues raised on appeal in his concise statement.

1. Whether Appellant is entitled to an arrest of judgment as to the charge of first-degree murder, because the Commonwealth failed to prove each element of the crime charged beyond a reasonable doubt?

2. Whether Appellant is entitled to an arrest of judgment as to the charge of possession of an instrument of crime, because the Commonwealth failed to prove each element of the crime charged beyond a reasonable doubt?

Appellant's Brief at 6.

Both of Appellant's issues challenge the sufficiency of the evidence. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). "When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.]" ***Commonwealth v. Haney***, 131 A.3d 24, 33 (Pa. 2015) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Coleman***, 130 A.3d 38, 41 (Pa. Super. 2015) (internal quotation marks and citation omitted).

In this case, Appellant argues that the Commonwealth failed to satisfy its burden of disproving his affirmative defense of self-defense. As our Supreme Court has stated:

> The Commonwealth satisfies its burden of disproving self-defense where it proves any one of the following: the defendant did not reasonably believe that it was necessary to kill to protect from himself imminent death or great bodily harm; the defendant was not free from fault in provoking or continuing the difficulty which resulted in the slaying; or, the defendant violated a duty to retreat or avoid the danger.

*Commonwealth v. Rivera*, 108 A.3d 779, 791 (Pa. 2014) (citation omitted).

We focus our attention on the first element, *i.e.*, whether the Commonwealth proved beyond a reasonable doubt that Appellant did not reasonably believe that deadly force was necessary to protect himself or another from death or great bodily harm. As this Court stated:

> The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

*Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa. Super. 2014) (citation omitted).

Viewed in the light most favorable to the Commonwealth, the evidence established that Appellant was the aggressor and he was not acting in self-defense. Specifically, Appellant admitted to Cousin that he was the

- 4 -

individual who stabbed Victim immediately after the incident. ***See*** N.T., 6/9/15, at 49. It was only after police arrived did his story change and he alleged that a gentleman named Malik was in fact the perpetrator of the offense. ***See*** N.T., 6/8/15, at 47.[4] Appellant's story about Malik, however, was nonsensical. Appellant claimed that Malik fled the house through the kitchen door; however, the kitchen door was locked and bolted from the inside with objects blocking the door from the inside. ***See id.*** at 48. It was virtually impossible that Malik had stabbed Victim and then fled in the manner alleged by Appellant.

Moreover, at trial Appellant changed his story once again and claimed that Malik was Victim's nickname. ***See*** N.T., 6/10/15, at 34-35. He also admitted that at least one of the knives found in his bedroom, which was used in the commission of the offense, was his. ***See id.*** at 37. Appellant claimed that Victim attacked him with a knife. ***See id.*** at 35. He then took the knives to his bedroom where he attempted to wipe the knives down. ***See*** N.T., 6/8/15, at 73.

Appellant's testimony that he took the knife from Victim is undermined by the presence of Victim's blood on that knife. Furthermore, the evidence showed that most of Victim's wounds were consistent with self-defense and

---

[4] There are two volumes of testimony from June 8, 2015. The first volume contains *voir dire* proceedings and the second volume contains preliminary jury instructions, opening statements, and testimony. All citations in this memorandum are to the second volume.

Appellant only sustained minor scratches. Thus, Appellant's argument as to why the Commonwealth failed to satisfy its burden of disproving his self-defense theory is based upon viewing the evidence in the light most favorable to him instead of the light most favorable to the Commonwealth that we cannot do. Moreover, Appellant's version of events is nonsensical and the jury could have reasonably inferred from the above circumstantial evidence, including Appellant's continually shifting version of events, that Appellant was the aggressor and he did not reasonably believe that deadly force was necessary to protect himself or another from death or great bodily harm. Accordingly, the evidence was sufficient to convict Appellant of first-degree murder.

In his second issue, Appellant claims that the evidence was insufficient to convict him of possessing an instrument of crime. As we determined that the Commonwealth satisfied its burden of proof with respect to disproving Appellant's self-defense theory, we must also conclude that the Commonwealth satisfied its burden of proof with respect to the possessing an instrument of crime charge. Two knives which contained both Appellant's and Victim's blood were found in Appellant's bedroom. It is obvious that those two knives were instruments of crime which Appellant used to murder Victim. Accordingly, the Commonwealth satisfied its burden of proving Appellant possessed an instrument of crime.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016