J-S61026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL BOSTON | : | |
| | : | |
| Appellant | : | No. 2535 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005559-2016

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 07, 2020**

Appellant, Michael Boston, appeals from the judgment of sentence entered on April 2, 2018, as made final by the denial of his post-sentence motion on August 1, 2018, following his jury trial convictions for third-degree murder, possessing an instrument of crime, persons not to possess a firearm, carrying a firearm without a license, and carrying a firearm on public streets in Philadelphia.[1]  We affirm.

The trial court briefly summarized the facts of this case as follows:

> On February 8, 2016, at 5[:00] p.m.[, Appellant] was walking along Market Street [in Philadelphia, Pennsylvania] with a man named George Fitz.  Fitz was looking to buy crack cocaine from [Appellant], who did not want to make a sale on Market Street due to the volume of passersby.  The two men made a left and walked down 62nd Street, where they were approached by

---

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2502(c), 907, 6105, 6106, and 6108, respectively.

decedent[,] Joe Jones. Jones was looking for [Appellant] because Jones believed [Appellant] had cheated him during a prior drug transaction. Jones pulled out a screwdriver and waved it around, threatening [Appellant]. Jones' nephew, Niam Johnson, saw the altercation and walked over to where the men were standing. Pushing and shoving ensued, despite an attempt by Fitz to calm the situation down. [Appellant] pulled out a .38 caliber semi-automatic handgun and when Johnson saw the gun, he began to run away. [Appellant] fired a shot at Johnson, but missed his target.

By this point, Fitz was across the street and Johnson was sprinting away. [Appellant] looked across the street and saw that Jones was also running away, no longer waving a screwdriver or attempting to escalate the altercation with [Appellant]. [Appellant], nevertheless, fired three shots at Jones. Two of the shots entered the left side of Jones' chest. [Appellant] then fled the scene. Jones was pronounced dead at Penn Presbyterian Hospital at 5:36 p.m. Dr. Albert Chu, an Associate Medical Examiner, performed the autopsy and concluded, to a reasonable degree of medical certainty, that the cause of death was gunshot wounds, and the manner of death was homicide.

A corner store located at 62nd and Arch [Streets] had surveillance cameras which captured the shooting. The homicide investigators used this footage to identify Fitz, who was brought in for questioning. Fitz identified [Appellant] as the shooter and described the incident in detail.

[Police arrested Appellant and the Commonwealth charged him with the aforementioned charges, as well as first-degree murder. The trial court held a four-day jury trial in June of 2016.] At trial, a certificate of non-licensure was introduced proving that [Appellant] was not licensed to carry a firearm. Further, although not admitted into evidence, [Appellant] has a prior [disqualifying] offense[,] which made it illegal for him to carry a firearm.

Trial Court Opinion, 11/5/2018, at 1-2 (record citations omitted).

The case proceeded thereafter as follows:

On June 15, 2017, a jury found [Appellant] guilty of third[-]degree murder, possessing an instrument of crime, and [the three firearm] violations[.] [Appellant] was sentenced on April 2, 2018 to an aggregate term of twenty[-five] (25) to fifty (50) years[']

incarceration. [Appellant] filed a post-sentence motion on April 10, 2018. The motion was denied on August 1, 2018. On August 26, 2018, [Appellant] filed a notice of appeal and on September 4, 2018, [the trial] court ordered [Appellant] to file a statement of [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)]. [Appellant] filed his [Rule 1925(b)] statement [] on October 14, 2018. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 5, 2018.]

*Id.* at 1.

On appeal, Appellant presents the following issue for our review:

Whether the verdict was against the sufficiency of the evidence when [A]ppellant was physically attacked by two men that were beating and robbing him, one of which was wielding and threatening [A]ppellant with a long screwdriver[?]

Appellant's Brief at 4.

In sum, Appellant argues:

This is a case of self-defense. [A]ppellant was about to sell drugs to an eyewitness to the incident. […] The decedent came around the corner and confronted [A]ppellant about money the decedent [was] supposedly owed for drug [sales A]ppellant made. Initially, [A]ppellant and decedent [were] just talking. [A]ppellant did not show or threaten the decedent with a gun.

The [decedent heated the argument]. The decedent took out a long screwdriver. He threatened and swung at [A]ppellant. [A]ppellant still did not take out a gun or threaten the decedent. The decedent's relative, a young man called Niam, came across the street to help the decedent. Niam placed his hand in his shirt and threatened to ["]bust["] or ["]pop[" A]ppellant. To the eyewitness that [meant "shoot" A]ppellant. [A]ppellant still did not take out a gun or threaten anyone.

Both the decedent and Niam grabbed [A]ppellant and threw him back and forth against a van and a gate. They beat [A]ppellant and put [] hands in his pockets and took money from him. They robbed [A]ppellant. That is when [A]ppellant took out a gun and defended himself. [A]ppellant chased the decedent a short distance and then shot him. Niam ran away.

*Id.* at 8. As such, Appellant contends that "[i]t was reasonable for [him] to believe that his life was in immediate danger when he was being beaten and robbed by two men" and he was, therefore, "justified in [using] deadly force to protect his life." *Id.* at 10.

Initially we note that Appellant fails to support his argument with record citations in violation of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(c) (requiring that if reference is made to evidence of record, it must be accompanied by a citation to the record); *see also* Pa.R.A.P. 2119(d) ("[T]he argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found."). Here, Appellant claims that he was robbed and beaten before the shooting. However, the trial court makes no mention of such evidence and Appellant has not cited to the certified record for us to review. "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citation omitted). Arguably, then, Appellant's sole claim on appeal is waived.

Even if we did not find Appellant's issue waived, it is without merit. The Pennsylvania Crimes Code governs self-defense and provides, in pertinent part:

**§ 505. Use of force in self-protection**

**(a) Use of force justifiable for protection of the person.—**
The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the

- 4 -

purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

**(b) Limitations on justifying necessity for use of force.—**

          \*           \*           \*

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i) the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating[.]

18 Pa.C.S.A. § 505(a)-(b).

We previously summarized the law pertaining to the justified use of deadly force as follows:

According to our Supreme Court, the justified use of deadly force requires:

a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

The defendant has no burden to prove his self-defense claim. The Supreme Court explained the evidentiary burdens as follows:

While there is no burden on a defendant to prove the self-defense claim, before that defense is properly at issue at trial, there must be some evidence, from whatever source to justify a finding of self-defense. If there is any evidence

that will support the claim, then the issue is properly before the fact finder.

If the defendant properly raises self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense.

The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.

The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

[…T]he use of deadly force itself cannot be viewed in isolation with the victim as the sole physical aggressor and the defendant acting in responsive self-defense. This would be an incomplete and inaccurate view of the circumstances for self-defense purposes. To claim self-defense, the defendant must be free from fault in provoking or escalating the altercation that led to the offense, before the defendant can be excused from using deadly force. Likewise, the Commonwealth can negate a self-defense claim by proving the defendant used more force than reasonably necessary to protect against death or serious bodily injury.

When the defendant's own testimony is the only evidence of self-defense, the Commonwealth must still disprove the asserted

justification and cannot simply rely on the jury's disbelief of the defendant's testimony:

> The disbelief of a denial does not, taken alone, afford affirmative proof that the denied fact existed so as to satisfy a proponent's burden of proving that fact. The trial court's statement that it did not believe Appellant's testimony is no substitute for the proof the Commonwealth was required to provide to disprove the self-defense claim.

If there are other witnesses, however, who provide accounts of the material facts, it is up to the fact finder to reject or accept all, part or none of the testimony of any witness. The complainant can serve as a witness to the incident to refute a self-defense claim. Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a fact-finder is not required to believe the testimony of the defendant who raises the claim.

***Commonwealth v. Smith***, 97 A.3d 782, 787–788 (Pa. Super. 2014) (internal citations, quotations, and original brackets omitted).

Here, the trial court noted:

Witness George Fitz testified that he saw the entire altercation and that he saw [Appellant] shoot decedent. In addition, the surveillance camera footage clearly shows the homicide. Fitz, who knew [Appellant] prior to the incident, also identified him as being the person who committed the shooting in the video.

Trial Court Opinion, 11/5/2018, at 4.

The trial court then concluded:

While the evidence does show that decedent was wielding a screwdriver against [Appellant] early in the confrontation with [Appellant], that was well before [Appellant] introduced a firearm into the affray. Indeed, at the time of decedent's murder, he was fleeing the scene and posed no threat to [Appellant]. Thus, it was not immediately necessary for [Appellant] to shoot decedent two times. Therefore, [Appellant] could not have reasonably believed that there was an imminent threat of death of serious bodily injury.

***Id.*** at 6.

Upon review, we conclude the trial court did not err in rejecting Appellant's self-defense claim. The Commonwealth presented evidence that Appellant used more force than was reasonably necessary and, in fact, escalated the altercation. Eyewitness testimony and video surveillance footage confirmed that the victim was already leaving the scene when Appellant began firing his weapon. As the trial court recounts, the victim, who neither possessed nor displayed a firearm during the incident in question, was across the street from Appellant when the shooting began. Appellant even concedes that he "**chased** [Appellant] a short distance and shot him." Appellant's Brief at 8 (emphasis supplied). Accordingly, the Commonwealth sustained its burden of proving Appellant's act was not justifiable self-defense because Appellant deployed deadly force against the victim when he could not have reasonably believed he was in imminent danger. For all of the foregoing reasons, we find Appellant waived his sole appellate claim, but it is otherwise without merit.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/20