J-S54018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANA MARIA TRINIDAD-SANCHEZ | : | |
| | : | |
| Appellant | : | No. 895 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 3, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001041-2019

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED APRIL 09, 2021**

Ana Maria Trinidad-Sanchez appeals from the judgment of sentence entered following her conviction for retail theft.[1] She challenges the admissibility of evidence and the sufficiency and weight of the evidence. We affirm.

The evidence at Trinidad-Sanchez's jury trial, viewed in the light most favorable to the Commonwealth, as verdict-winner, reveals the following facts. Trinidad-Sanchez entered a Walmart with her adult daughter and juvenile son. After placing 111 items in a cart, the group went to self-checkout where Trinidad-Sanchez's daughter scanned 33 items. The assistant asset protection manager, Jarrod Anderson, testified that he observed Trinidad-Sanchez taking items from a cart and placing them into Walmart bags without

_____

[1] 18 Pa.C.S.A. § 3929(a)(1).

scanning or paying for them. Anderson testified that the 78 items that were not scanned were never removed from the cart before the group attempted to leave the store. The 78 unscanned items totaled $461.89. When the group attempted to leave the store with the unpaid items, Anderson stopped them. Trinidad-Sanchez's actions were captured on a video recording that the prosecution played at trial.

Anderson took all three individuals to an office inside of the store, along with another employee. Trinidad-Sanchez did not speak English, so Anderson had another Walmart employee who spoke Spanish translate. At trial, when the Commonwealth asked Anderson what Trinidad-Sanchez said, defense counsel objected and the trial court overruled the objection. Anderson then stated that when he asked the group if they were aware why they were in the office, Trinidad-Sanchez said she did. Trinidad-Sanchez testified through an interpreter in her defense, and presented the testimony of her son and daughter who were present during the incident. Her daughter testified that her mother did not realize what she was doing.

The jury found Trinidad-Sanchez guilty of retail theft and the trial court sentenced her to six months' probation and imposed a fine. Trinidad-Sanchez did not file a post-sentence motion. This timely appeal followed.

Trinidad-Sanchez raises the following issues:

1. Whether the [t]rial [c]ourt erred when it permitted hearsay testimony to be presented regarding [Trinidad-Sanchez's] alleged admission to the criminal act?

2. Whether there was sufficient evidence to sustain the verdict of guilty for the crime of retail theft under the theory of accomplice liability?

3. Whether the verdict was against the weight of the evidence?

Trinidad-Sanchez's Br. at 5.

In her first issue, Trinidad-Sanchez argues that there were two levels of hearsay involved: her statements to the interpreting employee, and the interpreting employee's statements to Anderson. She concedes that her statements were unobjectionable as the statements of a party opponent, but maintains that Anderson's testimony about the interpreting employee's statements constituted inadmissible hearsay. *See id.* at 18. She also claims a violation of her Sixth Amendment right to confrontation because the employee who interpreted was not called as a witness. *Id.* at 19-20. The Commonwealth claims that Trinidad-Sanchez waived appellate review of the trial court's admittance of the statement by failing to make a specific objection at trial that identified the basis of her objection.

We review the admission of evidence for an abuse of discretion. *See Commonwealth v. Elliott*, 80 A.3d 415, 446 (Pa. 2013). Hearsay is an out of court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). Generally, hearsay evidence is inadmissible unless an exception applies. *Commonwealth v. Savage*, 157 A.3d 519, 524 (Pa.Super. 2017). One of those exceptions is a statement of an opposing party:

The statement is offered against an opposing party and:

J-S54018-20

> (A) was made by the party in an individual or representative capacity;
>
> (B) is one the party manifested that it adopted or believed to be true;
>
> (C) was made by a person whom the party authorized to make a statement on the subject;
>
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Pa.R.E. 803(25). Additionally, to preserve a challenge to evidentiary admissions, the party challenging the admission must: "(A) make[] a timely objection, motion to strike, or motion *in limine*; and (B) state[] the specific ground, unless it was apparent from the context. . . ." Pa.R.E. 103(a)(1).

Trinidad-Sanchez does not reference the specific portion of testimony where she challenged the testimony of Anderson, but our review of the record uncovered the following.

> [Commonwealth]: And during that time, did she say anything to you about the theft?
>
> [Anderson]: She was speaking Spanish so I had to get a Spanish speaking associate who translated. But she was well aware of what was going on.
>
> [Defense Counsel]: Objection, Your Honor.
>
> The Court: Sustained. Go ahead.
>
> [Commonwealth]: Was [Trinidad-Sanchez] able to communicate at all what had occurred?
>
> [Anderson]: Yes.
>
> [Commonwealth]: And what did she say to you?

- 4 -

[Defense Counsel]: **Objection, Your Honor.**

The Court: Overruled.

N.T., Trial, 2/25/20, at 20-21 (emphasis added).

Though Trinidad-Sanchez failed to state the specific ground for her objection, it is apparent from the context of the transcript that the objection was hearsay. Defense counsel immediately objected to the Commonwealth asking Anderson, "[A]nd what did she say to you?" ***See id.*** at 20. The sequence indicates that the objection was to what a non-testifying person "said." We therefore conclude that Trinidad-Sanchez preserved a hearsay objection for appellate review. However, Trinidad-Sanchez waived any claim of a violation of the Sixth Amendment Confrontation Clause. Nothing in the context suggests a claim that Trinidad-Sanchez was being deprived of her right to "confront" or cross-examine the declarant.

The hearsay issue does not merit relief because, even assuming Anderson's testimony about the interpreting employee's statements was inadmissible hearsay, the error in admitting the testimony was at most harmless. The Commonwealth has the burden of proving harmless error beyond a reasonable doubt, and to carry that burden, it must show at least one of the following:

> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or
>
> (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or

(3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial affect of the error so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Laich*, 777 A.2d 1057, 1062-63 (Pa. 2001).

Here, the Commonwealth maintains that the admission of Anderson's testimony regarding what the interpreter told him was harmless "in light of the overwhelming evidence against [Trinidad-Sanchez]." Commonwealth's Br. at 29. The Commonwealth points out that the evidence against Trinidad-Sanchez, in addition to the hearsay testimony, included the video recording depicting Trinidad-Sanchez removing the 78 items from her cart and placing them in Walmart bags without attempting to pay for them, and the testimony from Anderson and another Walmart employee that they personally observed Trinidad-Sanchez doing so. The inadmissible hearsay was merely cumulative of the substantial, other evidence of guilt, such that the error was at most harmless. *See Commonwealth v. Green*, 76 A.3d 575, 582-83 (Pa.Super. 2013) (finding error in admitting victim's hearsay statement harmless where there was other compelling evidence of defendant's guilt).

Next, Trinidad-Sanchez challenges the sufficiency of the evidence. She claims "the evidence is insufficient to show that [Trinidad-Sanchez] knew that she was aiding her daughter in a criminal act." Trinidad-Sanchez's Br. at 22. As such, she argues "there is no evidence that [she] did this with the intent of promoting or facilitating the commission of a [c]rime[,]" under an accomplice liability theory. *Id.* (emphasis omitted). She supports this

argument by citing to the testimony of her daughter "that [Trinidad-Sanchez] had no idea what she was doing, and that this criminal enterprise was all her idea and action." *Id.* at 21.

Our standard of review of a sufficiency challenge is *de novo*, while our scope of review is limited to viewing the evidence in the light most favorable to the Commonwealth as the verdict winner. **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014). Furthermore, the fact finder "while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Smith**, 97 A.3d 782, 790 (Pa.Super. 2014) (citation omitted).

Evidence is sufficient to sustain a retail theft conviction where the Commonwealth proves that a person "takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]" 18 Pa.C.S.A. § 3929(a)(1).

Viewing the evidence in the light most favorable to the Commonwealth, Trinidad-Sanchez went to the self-checkout section of Walmart, removed items from her cart, and then placed those items in bags, all without scanning these items. After bagging these items, she then attempted to leave the store. These actions prove that she had an intent to deprive Walmart of those items without payment. Her additional claim that the Commonwealth failed to prove

that she knew she was aiding her daughter in a crime is meritless. Such evidence is relevant to a conviction as an accomplice, and the evidence here was sufficient to convict Trinidad-Sanchez as a principal. Moreover, the jury evidently did not believe her daughter's testimony that she did not understand. The evidence was sufficient to support the conviction for retail theft.

For her final claim, Trinidad-Sanchez challenges the weight of the evidence. This claim is waived as she failed to raise this issue in a post-sentence motion. ***See*** Pa.R.Crim.P. 607(A). We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/09/2021