J-A12007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| FRANK TARR | : | |
| Appellant | : | No. 914 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 3, 2021
In the Court of Common Pleas of Fayette County
Criminal Division at CP-26-CR-0002504-2019

BEFORE: MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 11, 2022**

Frank Tarr (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault and person not to possess a firearm.[1]  Upon review, we affirm.

The trial court recited the facts presented at trial as follows:

> On August 24, 2019, Robert Yoder[s] received a telephone call and went to the residence of his grandfather, Rick Chiovitti. The Appellant and his girlfriend, Lacy Lingis, who is the granddaughter of Rick Chiovitti, resided with [Mr. Chiovitti]. Initially an argument had occurred inside the residence between the Appellant and his girlfriend.  When Robert Yoder[s] (hereinafter "the victim") arrived, the Appellant and Robert Grow were arguing on the porch.  Other individuals, Samuel Close, his wife, and Edgar Yoder[s], who were also family members, arrived at the grandfather's residence.  When the Appellant was verbally

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 6105(a)(1).

confronted about his abusive behavior toward his girlfriend, he went into the residence and came out with a baseball bat. He began swinging the bat at Robert Grow and the other people there. Robert Yoder[s] grabbed the Appellant from behind to stop his actions. The Appellant then swung the bat behind his head, hitting Robert Yoder[s] in his face. When the bat was finally taken from the Appellant, he threatened to come back with a gun and kill everyone. He then ran down the road and was observed entering a vehicle. Sometime later, the victim and another family member heard four or five gunshots fired from the wooded area near the residence.

The victim, Robert Yoder[s], testified that he observed the Appellant exiting the woods with a silver firearm in his hand. The Appellant placed the handgun in the center console area of his girlfriend's vehicle. Then the victim and his father, Edgar Yoder[s], went to the car and tried to get the gun [] from the Appellant. A struggle ensued. When the police arrived, the Appellant fled the scene.

The Appellant was subsequently located but no gun was found on his person and [it] was never located. The Appellant was handcuffed and his hands were placed in sterile paper bags when he was apprehended. At the station, swabs of the Appellant's hands were taken to determine if there was any gunshot residue on them. A forensic scientist, from the Harrisburg Regional Laboratory of the Pennsylvania State Police, testified that gunshot residue was found on the Appellant's right palm, left palm, and the back of his left palm. (N.T. at pg. 164). The forensic scientist testified that he could only state that the Appellant may have recently handled or discharged a firearm or was in close proximity when it was discharged. (N.T. at 166).

After the trial by jury ended on August 3, 2021, the Appellant was convicted of Possession of a Firearm Prohibited--loaded, 18 Pa.C.S. § 6105(a)(1) and Aggravated Assault, 18 Pa.C.S. § 2702(a)(4). … [O]n August 3, 2021, the Appellant was sentenced at the charge of Possession of a Firearm Prohibited with his prior record score, that of a repeat felon (RFEL), [because] he had prior convictions for two burglaries and two robberies. The court sentenced him at the low end of the standard range to a term of incarceration of eighty-four (84) to one hundred and sixty-eight (168) months.

Trial Court Opinion, 11/3/21, at 1-3 (unnumbered).

Appellant filed a timely appeal, and complied with the trial court's order directing him to file a concise statement pursuant to Pa.R.A.P. 1925(b). Appellant raises the following issues for review:

1. DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT POSSESSED A FIREARM?

2. DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE TO DISPROVE BEYOND A REASONABLE DOUBT THAT APPELLANT ACTED IN SELF DEFENSE?

Appellant's Brief at 7.

In both issues, Appellant assails the sufficiency of the evidence. When reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

In his first issue, Appellant argues the Commonwealth failed to prove he possessed a firearm as required to sustain his conviction of person not to possess a firearm. *See* 18 Pa.C.S.A. § 6105. The Commonwealth must prove a defendant possessed a firearm, and was previously convicted of an enumerated offense prohibiting him from possessing, using, controlling, or transferring a firearm. *Id.*

Appellant asserts his person not to possess firearms conviction cannot be sustained because "the physical evidence, or lack thereof, is in direct contradiction to the testimony presented at trial." Appellant's Brief at 13. Appellant claims "no one saw Appellant in possession of a firearm," yet he also twice states that "[o]nly one individual present testified to witnessing a firearm in Appellant's possession." *Id.* at 11, 13. Appellant emphasizes that a firearm "was never recovered from Appellant's person or the vehicle." *Id.* at 11. He also attributes gunshot residue taken from his hands to him "playing with fireworks earlier in the day." *Id.* at 12. We are not persuaded by Appellant's argument.

After reviewing the record, we agree with the Commonwealth's assertion that there was "ample direct and circumstantial evidence . . . that showed [Appellant] did, in fact, have possession of a pistol during the subject incident[.]" Commonwealth Brief at 5. The parties stipulated at trial that Appellant is "in a class of persons not permitted to possess a firearm", and

the court admitted supporting documentation into evidence as Commonwealth Exhibit 7. N.T., 8/3/21, at 180-81.

As to possession, Robert Yoders testified that after Appellant hit him with the baseball bat, Appellant "ran down" the road while Robert Yoders remained at his grandfather's home. N.T., 8/2/21, at 17. Fifteen minutes later, Robert Yoders heard "about four or five gunshots" coming from the field next to the home. *Id.* at 18. Mr. Yoders then saw Appellant "emerging from field" with a pistol. *Id.* at 19. Consistent with this testimony, the trial court explained:

> The Commonwealth presented the testimony of Robert Yoder[s] who observed the Appellant in physical possession of a gun. In addition, the forensic scientist testified that the Appellant had gun powder residue on his hands. At trial, the Appellant argued that transfer from being in the police car was a reason why his hands tested positive for gun powder residue. However, the Appellant's hands were covered with paper bags to maintain any evidence that might have been on his hands prior to his placement in the vehicle.
>
> . . . The totality of the evidence presented, including the [parties'] stipulation [that Appellant was not permitted to possess a firearm], was sufficient for the jury to make a determination that the Appellant was guilty beyond a reasonable doubt of this charge.

Trial Court Opinion, 11/3/21, at 5 (unnumbered).

As there was sufficient evidence for the jury to convict Appellant of illegal possession of a firearm, no relief is due.

In his second issue, Appellant assails his aggravated assault conviction.[2] Appellant was convicted under 18 Pa.C.S.A. § 2702(a)(4), which provides that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" The Commonwealth may establish intent to cause serious bodily injury by circumstantial evidence, and a jury "may infer intent from attendant circumstances or the defendant's acts or conduct." **Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa. Super. 2008). A jury may infer intent to cause serious bodily injury when the defendant fires a gun. **Commonwealth v. Galindes**, 786 A.2d 1004, 1012 (Pa. Super. 2001).

Appellant maintains he was wrongly convicted because he acted in self-defense. He argues the Commonwealth, "failed to present evidence sufficient to disprove beyond a reasonable doubt that Appellant acted in self-defense." Appellant's Brief at 14. Appellant asserts he struck Mr. Yoders with the baseball bat to defend himself. *Id.* at 10. He argues:

> It is clear that self-defense was placed in issue based upon the testimony presented by the Commonwealth. The three witnesses presented by the Commonwealth testified that they, along with other individuals, attacked the Appellant at his residence. The Appellant did not have a duty to retreat as the incident occurred in [the] dwelling in which the Appellant was residing. T.T. 9: 21-22. Prior to being struck with the baseball bat, [Robert Yoders] placed the Appellant in a choke hold. T.T. 77: 19-21. It was then that the Appellant struck [Robert Yoders] with the baseball bat causing minor bruising.

_____

[2] The jury acquitted Appellant of simple assault. N.T., 8/3/21, at 185; **see also** 18 Pa.C.S.A. § 2701(a)(2).

- 6 -

The evidence and testimony presented shows that the Appellant acted out of an honest and bona fide belief that he was in imminent danger and that the belief was reasonable under the circumstances. The testimony showed that the Appellant was placed in a chokehold by [Robert Yoders] while being attacked by three other individuals. During the commotion, [Robert Yoders] was struck in the head with a baseball bat. This all occurred at the Appellant's residence, and the Appellant was justified in protecting himself against the dangers imposed by the four individuals who attacked him.

Appellant's Brief at 17-18.

Pertinent to Appellant's argument, the Pennsylvania Supreme Court has explained,

a claim of self-defense (or justification, to use the term employed in the Crimes Code) requires evidence establishing three elements: (a) [that the defendant] reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat. Although the defendant has no burden to prove self-defense ... before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding. Once the question is properly raised, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense. The Commonwealth sustains that burden of negation if it proves any of the following: [1] that the [defendant] was not free from fault in provoking or continuing the difficulty which resulted in the [injury]; [2] that the [defendant] did not reasonably believe that he was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save himself therefrom; or [3] that the [defendant] violated a duty to retreat or avoid the danger.

*Commonwealth v. Mouzon*, 53 A.3d 738, 740-741 (Pa. 2012) (citations omitted; some brackets in original); *see also* 18 Pa.C.S.A. § 505. "If the

Commonwealth establishes any one of these three [negation] elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection is at issue." **Commonwealth v. Burns**, 765 A.2d 1144, 1149 (Pa. Super. 2000) (citation omitted). Before self-defense "is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder." **Commonwealth v. Smith**, 97 A.3d 782, 787 (Pa. Super. 2014) (citation omitted).

Upon review, we discern no error in the trial court's determination that the Commonwealth met its burden of disproving Appellant's claim of self-defense. Citing **Smith**, **supra**, the trial court observed that neither Appellant nor his girlfriend testified at trial. **See** Trial Court Opinion, 11/3/21, at 6 (unnumbered). The court concluded — from the testimony of Robert Yoders, Edgar Yoders and Samuel Close — that while Appellant engaged in a verbal argument with these individuals, Appellant "was not confronted with any level of physical force." **Id.** The court continued:

> The uncontradicted evidence presented showed that the Appellant provoked the encounter. After a verbal argument, he went into the residence, [and] returned outside to confront his girlfriend's relatives while holding a baseball bat. He then began swinging that baseball bat at some of the people on the porch. When [Robert Yoders] put the Appellant in a bearhug to prevent him from hurting anyone with the bat, the Appellant swung the bat over his head and hit [Robert Yoders] in the face and head. The use of [a] deadly weapon, such as a baseball bat, to a vital part of the body, is sufficient to establish that the Appellant attempted

to use deadly force, when no force or weapon was used against him by anyone on the porch. After hitting [Robert Yoders] in the head with the bat, he fled but returned later with a gun.

*Id.*

The record supports the trial court's reasoning. Robert Yoders testified about the conflict on the porch, and stated that he was attempting to "break it up" when Appellant "swung the bat back as far as he could" and hit him. N.T., 8/2/21, at 15. Edgar Yoders also testified, describing Appellant as the aggressor, stating that Appellant "went after Sam," and that Robert Yoders "got between them." *Id.* at 63. Likewise, Sam Close testified Appellant "was really mad and the way that he walked and acted and, you know, some of the language he was using wasn't [] normal[.]" *Id.* at 94. Mr. Close repeated, "The way he walked and he was still saying stuff that, you know, an angry person would say." *Id.* at 96-97. As this evidence was sufficient to disprove Appellant's claim of self-defense, we discern no error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/11/2022

- 9 -